Esther Wadler, Appellee, v. Herman H. Wadler, Appellant.

Gen. No. 43,096.

84

Heard in the second division of this court for the first district at the June term, 1944. ▆▆▆▆▆▆ Opinion filed February 13, 1945. Released for publication March 5, 1945.

JOSEPH LUSTFIELD, of Chicago, for appellant; ODE L. RANKIN, of Chicago, of counsel.

WETTEN, PEGLER & DALE, of Chicago, for appellee; MILTON GERWIN, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Defendant appeals from a judgment rendered against him of $9,779.40 for arrears of alimony, support and maintenance of two minor children under the terms of a divorce decree entered in favor of plaintiff in 1930.

There is substantially no dispute as to the salient facts. It appears that on March 27, 1930 plaintiff ob-

tained a divorce from defendant on personal service of summons. The decree required him to pay $25 a week for alimony and the support and maintenance of two minor children, whose custody was awarded to plaintiff. He ignored the decree and made no payments for several years. July 15, 1936 the matter came before the court on a rule to show cause, and the parties then agreed that the weekly payments of $25 be reduced to $30 a month. The modifying order entered on that day in pursuance of the agreement also contained the following provision: "And, It is further ordered, adjudged and decreed that the accrued alimony and support money for the minor children in arrears in the sum of $7,244.00 is expressly reserved and that judgment may be entered by this Court in the amount of $7,244.00 at the request of the plaintiff, Esther Wadler, at any time hereafter."

Subsequently, August 3, 1943, plaintiff presented her petition alleging the essential facts pertaining to the decree, its modification, the adjudication as to arrears contained in the foregoing order of July 15, 1936, the minority of her children, and defendant's failure or refusal to pay her any part of the sum found due or interest accruing thereon, and she asked that an order be entered directing him to pay her the sum of $7,244 and accrued interest amounting to $2,535.40, or an aggregate of $9,779.40, and that execution issue therefor.

Also on August 3, 1943, pursuant to notice, defendant presented a counter petition wherein he alleged that since July 15, 1936 he had faithfully complied with the modified order requiring him to pay $30 a month for alimony and support of the children, that his son, Seymour, had been in the armed forces of the United States for more than six months, and prior to that time had been gainfully employed for about one year, that his daughter, Leonora, had also been employed for about a year on a part-time basis and since

June 1943 had been steadily employed and supporting herself, that his wife, who had remarried (subsequent to 1936), had nevertheless been accepting the payments of $30 a month for the past year, and he asked that an order be entered for satisfaction of the decree. The chancellor gave both parties leave to answer the respective petitions and set them for hearing September 15 without further notice.

Plaintiff answered defendant's petition on August 19, denying that he had faithfully complied with the orders of court, averring that he was then indebted to her in the sum of $9,779.40 for alimony, support and maintenance and interest thereon as decreed to be due in the order of July 15, 1936, that defendant had theretofore been committed to jail on numerous occasions for failure to comply with the original decree, and that a writ of *ne exeat* had been issued by the court to prevent him from leaving its jurisdiction; she admitted that Seymour was then in the armed forces of the United States, averred that he was only 19 years of age and had voluntarily enlisted for the duration of the war and was entitled to the money reserved for his support and maintenance until he should attain the age of 21 years in order to enable him to complete his education after discharge from the army. Her answer denied that Leonora had been employed for the past year or that she had been self-supporting, averred that she had not yet reached the age of 18 and under the provisions of the decree was entitled to support and maintenance until she attained her majority. The answer further averred that defendant owns and operates a chain of food stores from which he derives a large income, that he is well able to support and maintain the children and to pay plaintiff the sum due and owing to her for alimony, support and maintenance for which he was still indebted, and she asked that defendant's petition and the relief therein requested be denied.

Although defendant claims to have filed an answer to plaintiff's petition interposing the statute of limitations as a defense, the record discloses that no answer was ever filed, and defendant's counsel could not produce a copy thereof at the hearing before the commissioner. Subsequently defendant sought to supply the missing answer, but the court denied his motion. The propriety of the court's ruling, which is one of the points raised by defendant, will be hereafter considered and discussed.

When the respective petitions and plaintiff's answer to defendant's petition came on for hearing before the chancellor, a reference was had to Robert McCormick Adams, as special commissioner, who, pursuant to a hearing at which both parties were present and represented by counsel, stated the issues and made the following findings and recommendations: "That the principal ground for equitable relief urged on behalf of the plaintiff is that the sum of $7,244 set out in the order of this Court on July 15, 1936 is a present obligation of the defendant, and, therefore, is a present vested right in the plaintiff, pursuant to which a money judgment should be entered . . . ; That the principal ground for defense urged on behalf of the defendant is that the amount set out in the above-mentioned order is a debt, and, therefore, is barred by the statute of limitations; it is also urged on behalf of the defendant that suit can be brought for a child's support only when the obligation has arisen five years prior to the time the said suit is instigated.

"It is the opinion of the Commissioner, and he finds, that the $7,244 found by this Court in its order of July 15, 1936 to be accrued alimony and support and maintenance money is a present obligation of the defendant to the plaintiff, and, therefore, the plaintiff has a present vested right in the said sum, entitling her to a money decree. The Commissioner further finds that

the necessary equitable considerations exist as to warrant an award of interest to accompany the said money decree. . . .

"In the case at bar the original decree for alimony and support and maintenance was by its nature a continuing order. It was subject to modification by the Court at any time during the natural life of the parties. Inasmuch as the decree for alimony and support and maintenance herein was a continuing order when the original decree was entered, it was also a continuing order when the Court on July 15, 1936 made a finding that $7,244 in alimony and support and maintenance had accrued in the plaintiff's favor. The order did not terminate at that time but continued with the full power in the Court to modify it. Therefore, the statute of limitations did not bar the vested right the plaintiff had in the alimony and support and maintenance which was established by the original decree and which is still in full force at the present time." The commissioner found that there was no basis for the other contentions made by defendant, and recommended a denial of his petition. The chancellor followed the commissioner's findings and recommendations, decreed that plaintiff have and recover of defendant $7,244, plus $2,535.40 interest, and costs, and that execution issue thereon. Defendant appeals from that decree.

Neither of the parties treats the provisions of the order of July 15, 1936 as a judgment or decree for $7,244, and the commissioner and chancellor evidently did not consider it as such; the finding in that order was merely a computation of defendant's arrears for alimony and support of the children from the date of the original decree to July 15, 1936, when the modifying order was entered. Defendant's sole defense to plaintiff's petition for judgment on the accrued instalments was the five-year statute of limitations contained in par. 16, sec. 15 of ch. 83, Ill. Rev.

Stat. 1943 [Jones Ill. Stats. Ann. 107.275]. In order to interpose that defense it was incumbent on him to plead it. He evidently intended to do so, but his answer was never filed. When he sought to supply the missing answer long after the hearing before the commissioner, he contended that it had been filed in cause No. 508190 instead of 508189, the instant proceeding, but the records of the clerk of the superior court showed that no documents had been filed in cause No. 508190 for some 14 years, and therefore we think the chancellor, in the exercise of his discretion, properly denied defendant's motion to supply the missing answer. However, since the cause was tried before the commissioner upon the theory that the statute of limitations had been interposed as a defense, and because that question was considered and decided by him, and his findings and recommendations later approved by the chancellor, we feel constrained to consider the matter as if the statute had actually been pleaded as a defense.

The question therefore presented is whether lapse of time and the statute of limitations bars plaintiff's right to have judgment and execution upon the amount due on instalments for alimony and support for children, where all the instalments accrued more than seven years before the supplemental petition for judgment thereon was filed. Defendant argues that since there is no specific provision in the Limitations Act for instalments of alimony, it falls within par. 16, sec. 15 of ch. 83, Ill. Rev. Stat. 1943, which fixes a five-year limitation on "all civil actions not otherwise provided for." In support of this contention two Illinois decisions (*Plaster v. Plaster*, 53 Ill. 445, and *Wolfe v. Wolfe*, 303 Ill. App. 188) and several from other states are cited and discussed. In the *Plaster* case a divorce had been granted to the wife in 1854 with a gross allowance of alimony. A child, then three years of age, was awarded to her, but no provision was made for

the child. In 1866 the wife filed a petition asking support for the child from the date of the divorce decree and for future maintenance. The trial court dismissed the petition. On appeal the Supreme Court held that the father was legally charged with the burden of supporting his child, but as to the claim for past maintenance the court ruled that the claim should be held to the five years next preceding the filing of the petition, without assigning any reason for its ruling. In the *Wolfe* case a divorced wife agreed to and accepted a smaller amount than was awarded to her by the order of court for a period of five years and thereby indicated her consent to the reduced amount. In discharging a rule to show cause the court simply enforced an oral agreement to take less than had been decreed. The statute of limitations was not presented to nor considered by the court, nor was the doctrine of laches applied to the circumstances. None of the cases cited is applicable to the circumstances here presented.

It was held as early as 1899 in *Harding v. Harding,* 180 Ill. 592, that "The decree of the court awarding preliminary alimony is a money decree, and bears interest under the statute. (Hurd's Stat. 1897, chap. 74, sec. 3, p. 973.)" That rule was followed in *Wallace v. Wallace,* 201 Ill. App. 323, wherein it was also held that a decree for the payment of permanent alimony was a decree for the payment of money. Plaintiff had there sought to subject certain lands of defendant to a lien for accrued and unpaid alimony due her. No execution ever issued against the property, and although the court denied plaintiff the right to a lien without first complying with the statute, it said that "It will not be questioned that a decree ordering the payment of a certain sum semiannually as alimony is a decree for the payment of money."

Under the current weight of authority in this and other states, a decree such as we have before us

can be enforced either by a rule to show cause why the defendant should not be attached for contempt or by execution. So far as we are able to ascertain, the five-year statute of limitations has not been applied in either instance. In *Deen v. Bloomer,* 191 Ill. 416, a contempt order for failure to pay alimony due for a period in excess of seven years was upheld. The court there said: "He during the seven years made no complaint as to the amount of allowance, but only when attached for contempt does he attempt to resort to that excuse [inability to pay] for his failure to comply with the order of the court." In *Kaiser v. Kaiser,* 213 Mich. 660, 181 N. W. 993, a delay of ten years in attempting to enforce alimony payments was held not to constitute laches and the court held that the decree for instalments could be enforced. In *Gordon v. Baker,* 182 Ill. App. 587, the plaintiff in 1879 obtained a decree for alimony in instalments and three years thereafter she remarried. The court held that a divorced wife abandons the provision made for her support out of the estate of her former husband by the decree of the court when she remarries. In determining whether she could enforce the decree 30 years after its entry the court refused to hold that the alimony decree was barred by the mere passage of time, but denied relief solely on the ground of estoppel. In *Price v. Price,* 80 Colo. 158, 249, Pac. 648, the wife sought by contempt proceedings to enforce payments of alimony due under a decree that had been entered 15 years before her petition was filed. In the interim she had remarried a second and a third time. The court held that these circumstances, together with the long delay, precluded her from obtaining relief by contempt proceedings. *Ashby v. Ashby,* 174 Wis. 549, 183 N. W. 965, was there cited with approval. In that case the divorce decree awarded the wife $10 a month as alimony, but the husband, after complying with the order for several years, made no

further payments for 44 years, in reliance on the advice of his attorney. During that period plaintiff made every effort to support herself and her child, and had been compelled, in addition to performing hard manual labor, to depend in a degree upon the aid and assistance offered to her by her daughter and son-in-law. During all those years apparently no demand was made for the payment in arrears of alimony, and no application was made to the court to enforce payment. Upon the hearing of a rule to show cause, it appeared that plaintiff was then 75 years of age and physically unable to perform labor or to earn enough to provide the necessities of life. Defendant, on the other hand, was receiving a pension from the United States government of $30 to $50 a month, owned three small parcels of real estate worth approximately $2,500, and had shortly before the petition was presented, sold and conveyed another piece of land valued at some $7,600. These various items constituted the entire assets of his estate. In that proceeding defendant's counsel contended that under the statute of limitations, plaintiff's petition should be dismissed, and that she was guilty of laches, but the court held, upon the authority of *Campbell v. Campbell*, 37 Wis. 206, that inasmuch as the judgment for alimony was a continuing judgment, always subject to modification by the court during the life of the parties, the statute of limitations cannot and does not apply, and that the wife's rights were not lost by reason of her passivity and inaction, but during all that time the obligation rested upon defendant to comply with the provisions of the judgment. However, under the circumstances, the court thought it inequitable to enforce the judgment as it then stood, and advised a revision and modification thereof in view of the changed and altered circumstances of the parties, so as to award the wife a reasonable amount in lieu of past-due alimony.

█ If it be assumed that a decree for alimony is a money decree, as indicated by the foregoing decisions, it is difficult to perceive why the 20-year statute of limitations applicable to judgments, as provided in par. 24b, sec. 25, ch. 83, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 107.284(2)], does not apply, and since plaintiff filed her petition for a money judgment long before any of the payments could have been barred by the 20-year limitation, the amount awarded her was manifestly proper.

██ Defendant does not question the correctness of the computation made in the order of July 15, 1936, namely, $7,244, but he argues, without citing any supporting authority, that there is no basis for the allowance of interest on that sum, since "The law makes no provision for interest." Holding as we do that the original decree of divorce directing the defendant to pay weekly instalments of alimony, support and maintenance for the children, was a decree for the payment of money, it would follow that under ch. 74, par. 3, sec. 3, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 67.03], such a judgment would draw interest at the rate of 5 per cent until satisfied. In *Harding v. Harding,* 180 Ill. 592, heretofore cited, the court expressly held that the decree awarding preliminary alimony was a money decree and bore interest under the foregoing statute. *Dinet v. Eigenmann,* 80 Ill. 274, and *Becker v. Becker,* 79 Ill. 532, are to the same effect. Furthermore, it appears from the record that no objection was ever raised by the defendant before the commissioner as to the amount of plaintiff's claim or as to the allowance of interest. He admitted substantially all the facts alleged in plaintiff's petition and relied only on the statute of limitations as a defense, and his counsel indicated that if the commissioner and court should hold that that defense was unavailing he ought to be given credit for the amounts that were overpaid while the son and daughter were

working. Neither of the latter considerations impressed the commissioner or the chancellor, and we think they were properly disregarded because they bore no relation to the subject matter of the litigation, wherein plaintiff sought judgment for arrears in alimony and support of the children prior to July 1936, when the children were about 10 and 12 years of age, respectively, and defendant sought only a satisfaction of the decree because plaintiff had remarried and both children were emancipated, as he claimed, and also because he had complied with the decree, as modified in 1936.

It is undisputed that defendant deliberately and wilfully defied the decree of divorce and for the first six years thereafter placed the entire burden of rearing his children on plaintiff. It was not until a rule to show cause had been presented that he took any steps to secure a modification of the decree. Before that he had paid substantially nothing. His arrears in alimony were then correctly computed, and the court reserved jurisdiction over the cause to enter judgment in favor of plaintiff at any time thereafter. Since her claim is not barred by the statute of limitations, laches or estoppel, we are of opinion that the chancellor properly entered the judgment order for the amount due and interest thereon, and the judgment is therefore affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and SCANLAN, J., concur.