NICK ANDONOPLAS, Plaintiff-Appellee, *v.* JOHN JAREMKO, Defendant-Appellant.

(No. 54462; ■■■■■■

First District—December 12, 1972.

A. J. Refakes, of Chicago, for appellant.

Unger & Unger, of Chicago, for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This is an appeal from post-judgment relief granted plaintiff under section 72 of the Civil Practice Act, following an order dismissing the suit for want of prosecution entered 22 months after the order of dismissal. The facts follow.

On March 5, 1962, plaintiff filed a lawsuit against defendant seeking damages for injuries sustained in an automobile accident. Defendant was insured by the now defunct Cosmopolitan Insurance Company. Counsel retained by Cosmopolitan filed an appearance and an answer on behalf of defendant. However, fearing that no action would be taken by Cosmopolitan, defendant retained private counsel who also filed an appearance on behalf of defendant. No other pleading or court appearance attributable to him can be found in the record. Presumably due to Cosmopolitan's insolvency problems there were two substitutions of the attorneys retained by them to defend the action.

On July 12, 1965, the case was called for pretrial. Plaintiff failed to respond and the court entered an order dismissing the case for want of prosecution. That order remained unchallenged until June 2, 1967, 22 months after the original order, when plaintiff's attorney sent a notice of motion to the attorney who had been privately retained by defendant. No notice, however, was sent to the second attorney who had been substituted for the one originally retained by Cosmopolitan. On June 6, 1967, the attorney who had received notice advised plaintiff and the clerk of the court that his representation of defendant had been terminated when the suit was dismissed on July 12, 1965.

Upon receipt of this letter on June 7, 1967, plaintiff's attorney sent a notice of motion by ordinary mail to defendant's last known address. At that time, however, defendant lived outside the State of Illinois. On June 8, 1967, the next day, an *ex parte* order was entered vacating the dismissal and setting the case on the trial calendar. On June 22, 1967, the case was assigned for trial, tried as an *ex parte* default, and on the same day a judgment of the verdict was entered in the amount of $4,500.

The defendant then brought this appeal and has filed a brief in support of his contentions. Although plaintiff has not filed any brief, we will proceed to a consideration of the case.

Defendant raises numerous points on this appeal, but a consideration of the first point is sufficient to dispose of the case. Defendant contends that the notice of motion and petition, mailed by plaintiff the day before the hearing by regular mail, is not valid notice within the purview of Ill. Rev. Stat. 1967, ch. 110, par. 72. If the notice is invalid, the order vacating the dismissal and the judgment are likewise invalid.

The Joint Committee Comments on paragraph 72 state that notice as

to a proceeding under this section shall be given pursuant to Ill. Rev. Stat. 1967, ch. 110A, par. 106, which provides:

> "Notice of filing a petition for relief from final judgment *after 30 days from entry* thereof shall be given by the same methods provided for giving of notice of additional relief to parties in default." (Emphasis supplied.)

Notice requirements for the granting of additional relief against parties in default are to be found in chapter 110A, section 105. The record is devoid of any showing that there was service by publication or actual service by an officer or other qualified person. Therefore, if there was compliance with the statute it could only be under chapter 110A, section 105(6)(2) which provides that service may be made

> "By prepaid *registered* mail addressed to the party, *return receipt requested,* delivery limited to addressee only. Service is not complete until notice is received by the defendant, and the registry receipt is *prima facie* evidence thereof." (Emphasis supplied.)

Here the record shows that the only attempt by plaintiff to give notice was by regular mail, with a proof of service affidavit of the person who placed it for mailing. It was not registered mail as required by section 105(b)(2), *supra;* therefore, the court was without jurisdiction, and the resulting order vacating the dismissal for want of prosecution was void. *Park Ave. Lumber v. Nils A. Hofverberg, Inc.,* 76 Ill.App.2d 334.

Judgment reversed.

STAMOS, P. J., and LEIGHTON, J., concur.