*In re* MARRIAGE OF JUDY WILLIAMS, a/k/a Judy Easley, Petitioner-Appellant, and DENNIS L. WILLIAMS, Respondent-Appellee.

Third District    No. 82—730

Opinion filed June 7, 1983.

James E. McPeak, of Macomb, for appellant.

Albert V. Ancelet, of Capps, Ancelet & Stoverink, of Carthage, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The parties were divorced on March 6, 1972. The divorce decree provided that the petitioner, Judy Williams, now known as Judy Easley, would have custody of the two minor children. The respondent, Dennis L. Williams, was to pay the sum of $40 per week as child support until the children became self-supporting, emancipated or of legal age.

On October 14, 1981, the petitioner filed a petition for a rule to show cause why the respondent should not be held in contempt of court for his failure to make child support payments as provided in the March 6, 1972, decree. The petition alleged that as of October 7, 1981, the respondent was in arrears in the amount of $19,600. A request for the court to direct the respondent to bring the payments current was included in the petition.

An order was entered by the circuit court of McDonough County on February 17, 1982. The order stated that the parties had reached an agreement on the matters pending before the court. The parties agreed that the respondent was in contempt of court for his failure to pay child support. As of October 7, 1981, the respondent was indebted to the petitioner for the sum of $19,600 on child support arrearage. The respondent agreed to pay the $40 per week as ordered in the divorce decree and to pay an additional $20 per week on the arrearage. The $60 per week payments were to begin immediately. Also, the respondent agreed to pay the petitioner his portion of any income tax refund received by him for the years 1981 and years thereafter until the arrearage was paid in full.

The February 17, 1982, order further provided that the petitioner could petition the court to impose a sentence upon the respondent if

the respondent failed to make the payments as provided in the order. The matter was continued until June 8, 1982, for a status review.

The status review hearing was continued until June 24, 1982. Further proceedings on the matter were terminated on that date.

On July 13, 1982, the petitioner filed a petition for judgment. The petition alleged that the respondent "has refused and still refuses" to pay child support that was due and that as of June 30, 1982, the respondent was $19,460 in arrears. The petition prayed for judgment on that amount plus interest accruing to the date of judgment.

The respondent filed a section 48 motion to dismiss the petition for judgment on July 19, 1982. (Ill. Rev. Stat. 1981, ch. 110, par. 2—619, effective July 1, 1982; formerly Ill. Rev. Stat. 1981, ch. 110, par. 48.) The respondent's motion alleged that the petitioner's petition for judgment was barred by the previous February 17, 1982, order.

A hearing was held on the motion to dismiss. The trial court took the matter under advisement and gave the attorneys an opportunity to file memoranda.

On September 16, 1982, the trial court rendered its decision in letter form in favor of the respondent. The letter stated that the main question presented was whether the February 17, 1982, order barred the action on the petition for judgment. The present action and the previous action for rule to show cause are *in personam* actions. The same issue is present in both, *i.e.*, whether there was an arrearage in child support owed the petitioner. A consent decree was issued in the first action wherein an arrearage was agreed upon by the parties and a remedy provided, also by agreement. An order was entered. The trial court stated that the consent decree was found to be valid and *res judicata* of the issues determined therein. As no new facts were alleged in the petition for judgment that arose after the February 17, 1982, order, the previous order barred the petition for judgment by *res judicata*. Since the petitioner selected a remedy for the same demand, she was precluded from resorting to another.

A formal order of dismissal was entered on September 20, 1982. The petitioner filed a timely notice of appeal from that order.

The only issue raised by the petitioner on appeal is whether the trial court erred in dismissing her petition for judgment. She argues that the concepts of *res judicata* and election of remedies do not apply.

Past due child support payments are vested rights, and the custodian of the children does not lose her right to collect the arrearage in support. (*Fox v. Fox* (1978), 56 Ill. App. 3d 446, 371 N.E.2d 1254.) However, in an appropriate case, courts will give effect to ei-

ther an agreement of the parties or to the doctrine of equitable estoppel to reduce the amount of child support arrearages. *In re Marriage of McDavid* (1981), 97 Ill. App. 3d 1044, 425 N.E.2d 442.

We have reviewed the case law and found few cases that involve the issue presented. A similar factual situation was present in *Wadler v. Wadler* (1945), 325 Ill. App. 83, 59 N.E.2d 505. The parties in *Wadler* were divorced in 1930 and the decree provided that the husband pay $25 a week for alimony and the support and maintenance of the two minor children, whose custody was awarded to the wife. The wife filed a petition for rule to show cause in 1936 because the husband had failed to make the payments for several years. The parties then agreed that the $25 weekly payments be reduced to $30 per month. An order was entered on July 15, 1936, on the agreement and further provided:

> " 'And, It is further ordered, adjudged and decreed that the accrued alimony and support money for the minor children in arrears in the sum of $7,244.00 is expressly reserved and that judgment may be entered by this Court in the amount of $7,244.00 at the request of the plaintiff, Esther Wadler, at any time hereafter.' " 325 Ill. App. 83, 85.

On August 3, 1943, the wife filed a petition for an order against the husband directing him to pay the arrearage amount of $7,244 and accrued interest from the July 15, 1936, order thereon and that execution issue. She alleged that the husband had failed or refused to pay any of the money found due her.

A special commissioner found the $7,244 to be a present obligation of the husband to the wife and that the wife had a present vested right in the sum entitling her to a money decree. The 1936 order was continuing in nature so that the husband's defense that the wife's petition was barred by the statute of limitations did not apply. The chancellor followed the commissioner's findings and entered a decree that the wife recover $7,244 plus $2,535.40 interest, and costs from the husband. Execution thereon was ordered.

On appeal, the court found that the $7,244 amount entered in the July 15, 1936, order was merely a computation of the husband's arrearage and not a judgment. The issue on appeal concerned the statute of limitations, which was found not to bar the wife's action. However, the court affirmed the judgment order on the amount, plus interest.

As in *Wadler*, the February 17, 1982, order entered in the instant case was not a judgment on the amount of arrearage. The agreed order stated that the amount of arrearage was $19,600 and or-

dered the respondent to make weekly payments on the amount to purge himself of the contempt. Although the order provided that the petitioner could petition the court to impose a sentence upon the respondent if he failed to make payments, such a remedy was available anyway. (Ill. Rev. Stat. 1981, ch. 40, par. 505(b).) The petitioner, however, was not limited to that course of action.

While other cases do not deal with the situation here as closely as *Wadler v. Wadler* (1945), 325 Ill. App. 83, 59 N.E.2d 505, language in these cases offers support for our position. In *Fox v. Fox* (1978), 56 Ill. App. 3d 446, 371 N.E.2d 1254, the reviewing court found that contempt is not a proper means of enforcing payment of support arrearages where the children had reached their majority. However, the court went on to state that the trial court finding of arrearage was valid and enforceable by ordinary remedies.

In another case the reviewing court reversed part of a trial court's order which provided for payment of $10 per week on child support arrearage owed by the husband. The record indicated that the husband did not have sufficient income to pay on the arrearage and keep current with child support so the payment on the arrearage was reversed. The arrearage had been secured by reduction to judgment, although the court recognized that it was currently uncollectible as a practical matter. *Lewis v. Lewis* (1977), 48 Ill. App. 3d 281, 363 N.E.2d 106.

In *Gentile v. Gentile* (1980), 87 Ill. App. 3d 311, 409 N.E.2d 52, the trial court denied the wife's petition for rule to show cause for the husband's failure to pay child support and "such other and further relief" as the court deemed appropriate. The appellate court stated that the order was not final and appealable because it did not dispose of the rights of the parties since the wife was not precluded from filing a petition specifically requesting arrearages, and the rights of the husband were not affected.

Although the petition for rule to show cause was denied in *Gentile* and in the instant case an agreed order was entered, the petitioner herein was not precluded from seeking a judgment on the arrearage. The February 17, 1982, order stated that upon agreement of the parties, there was an arrearage in the amount of $19,600; that the respondent was in contempt; and that the respondent could purge himself of the contempt by certain actions. This order was not *res judicata* on the petitioner's petition for judgment as there was no judgment entered on the arrearage amount.

The petition for judgment alleges that the respondent has refused and still refuses to pay the child support that was due. The

alleged arrearage as of June 30, 1982, was $19,460. This lower amount indicates that some money must have been paid by the respondent to reduce the arrearage computation of $19,600 found in the February 17, 1982, order. However, based on the fact that the respondent was to be paying $20 per week on the arrearage since the February order, it appears that the respondent may not have been in complete compliance with the order if the allegations were true. The petitioner, although not stating such directly, has alleged that the respondent has not complied with the agreed order of February 17, 1982. She then had a right to petition for judgment on the arrearage amount because the past due support payments are vested rights. Her petition should not have been dismissed upon the respondent's motion.

Having determined the issue in favor of the petitioner for the reasons stated, it is not necessary to address the separate points raised in the briefs of the parties.

Therefore, the judgment of the circuit court of McDonough County is reversed and remanded for further proceedings.

Reversed and remanded.

HEIPLE and SCOTT, JJ., concur.