MURYL J. JONES, a/k/a Muryl J. Meade, Petitioner-Appellee and Cross-Appellant, *v.* WILLIAM W. MEADE, Respondent-Appellant and Cross-Appellee.

Fourth District   No. 4—83—0719

Opinion filed August 15, 1984.

898

John T. Phipps, of John T. Phipps Law Offices, P.C., of Champaign, for

appellant.

Raymond R. Kimpel, of Summers, Watson & Kimpel, of Champaign, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

On September 8, 1982, petitioner filed for a rule to show cause, claiming arrearages of child support payments. Following a hearing and the filing of points and authorities by counsel, the trial judge entered his judgment on May 5, 1983, in behalf of petitioner for arrearages of $16,850 plus interest on the payments in the amount of $11,663.07. Petitioner filed a post-trial motion seeking attorney fees and stating that the court's May 5, 1983, order on the rule to show cause made no finding as to whether respondent's failure to pay child support was without cause or justification. After hearing on August 8, 1983, the court concluded that respondent's failure to pay child support was not without cause or provocation. The trial judge therefore declined to apply section 508(b) of the Illinois Marriage and Dissolution of Marriage Act and treated attorney fees as discretionary under section 508(a). (Ill. Rev. Stat. 1981, ch. 40, pars. 508(a), (b).) On September 28, 1983, the trial court entered its order on petitioner's post-trial motion, finding petitioner's reasonable attorney fees amounted to $1,680 and ordering respondent to pay $1,200 in light of the relative financial circumstances of the parties. Respondent appeals from the judgment of the circuit court of Champaign County. Petitioner cross-appeals. We affirm and remand the cause.

On appeal respondent argues (1) petitioner's claim is barred by equitable estoppel, or (2) by *laches*; (3) his 1969 petition to modify the divorce decree should be reinstated; (4) the trial court erred in awarding interest on the support arrearage, and (5) in ordering him to pay a portion of petitioner's attorney fees. On cross-appeal, petitioner argues (1) the trial court erred in not awarding her the full amount of her reasonable attorney fees; and (2) that she is entitled to attorney fees for prosecution of this appeal.

The parties' marriage was dissolved on October 16, 1967. Respondent was ordered to pay $250 each month for the support and maintenance of their three minor children. On April 9, 1969, respondent filed a petition to modify the divorce decree and reduce his support obligation. On May 23, 1969, the parties and counsel appeared and stipulated that (1) for three months respondent would pay petitioner $150 per month with liability accruing but sanctions not being enforced, and (2) respondent's petition would be heard during that

period. Accordingly, the trial judge entered a temporary order pending a hearing upon the merits of respondent's petition.

Respondent failed to call his petition for a hearing on the merits, but continued paying child support at the rate of $150 per month. He further decreased his monthly support payments by $50 per month as each of the parties' children attained majority. On November 2, 1976, petitioner filed a petition to increase support payments for the remaining minor. On March 15, 1977, a consent decree was entered under which respondent agreed to increase his payments by $50 per month.

Respondent's 1969 petition to modify the divorce decree and reduce child support payments was dismissed on the court's motion for want of prosecution on March 31, 1978. In 1978, the court terminated its March 1977 consent decree, as the youngest child had attained majority.

Testimony of the February 7, 1983, hearing may be summarized as follows. Respondent testified that his 1967 income was $7,581.80. Thereafter his income fell to less than $5,000 in 1968; $4,542 in 1969; $5,178.24 in 1970; and less than $5,000 in 1971. He said these economic reversals led him to file his 1969 petition to modify the divorce decree. After the May 1969 discussion regarding the petition, he understood he was to pay $150 monthly, or $50 per child per month. He said he had not been aware that the court's docket entry indicated that the child support payments would be reduced for a three-month period only. He said immediately after the May 1969 proceeding, sitting on a bench outside the conference room, petitioner had agreed that he could pay $50 per child per month.

On cross-examination, respondent acknowledged his letter to petitioner dated August 20, 1969, mailed from Milan, New Mexico, wherein he stated, " 'I'd like to come back to Illinois sometime but you started in last Sunday about seeing your lawyer, so I had nothing to do but leave. *** If you can ever see your way clear to see your lawyer to get these things settled, I'll be back and keep paying what I can afford.' " Respondent said he had been to court with petitioner so many times that he did not know the dates or why he had been there. He denied that petitioner had tried to collect child support from him, but recalled being in court on one occasion when she had asserted he had not made a payment and he had produced a check.

In 1980, respondent had sold two acres purchased at $20,000 for $58,500. In 1982, he had acquired warehouse rental properties for about $26,000. Respondent owns and operates Meade Sunoco in Urbana, Illinois. In 1981 he had done approximately $287,000 worth of

business. His 1981 income tax return showed he had claimed depreciation on $84,370 worth of personal property, tools, and equipment, including five motor vehicles. As this included leased trucks, respondent estimated that he owned about $45,000 worth of the figure depreciated. He owned his home, valued at $30,000, clear of mortgage, and a building on I-74.

In May 1969, petitioner had agreed with respondent and his counsel to reduced child support payments for a period of three months. She testified that in efforts to collect the child support as it became overdue, she had gone to the State's Attorney's offices in Champaign and Montgomery counties, and to the attorney who had represented her in the divorce. She had made no demand on respondent for the money, as there had been no communication between them. Referring to her failure to include a claim for the arrearages in her 1977 action to increase child support for the remaining minor, she said she had had enough trouble getting money from respondent month to month.

The trial court's order on the rule to show cause, filed May 5, 1983, found as follows:

"By consent decree entered in *** Case No. 77—L—168, on March 23, 1977, the defendant was ordered to pay $50 twice monthly for [the minor's] support, with that decree expressly stating that its entry would 'not supercede any previous order issued by any other court, but the amounts for a particular period paid pursuant to such previous order shall be credited against amounts accruing or accrued for the same period under both.' ***

The evidence fails to establish that the Court ever modified the original order providing for $250 per month in child support on an unallocated basis. Moreover, the Court is persuaded that the plaintiff did not agree to reduce the defendant's support obligation at any time. The record affirmatively supports the conclusion that the most that the plaintiff agreed to do was to suspend enforcement for a limited period and to [permit] an arrearage in support to accumulate during this period. It is now entirely self-serving for the defendant to claim that any other agreement existed. He clearly knew how to petition the Court for a reduction, initiating such a proceeding but failing to pursue it. He cannot now claim that the plaintiff is barred by waiver, estoppel or laches from collecting past due child support. It would more likely be true that the defendant is guilty of laches for sitting on his right to seek a court order reducing his support obligation. The Court is without authority to retro-

actively modify child support and the defendant may not unilaterally reduce unallocated child support as each child reaches majority. *In re Bjorklund*, 88 Ill. App. 3d 576 (1980).

* * *

The evidence fails to establish that the defendant is in willful and contumacious contempt of Court for his failure to make support payments.

The affirmative defenses raised by the defendant find insufficient support in the evidence. ***"

Respondent argues on appeal that his filing of a petition to modify the divorce decree and reduce his payments in 1969 makes this a special case. He maintains petitioner's claim is barred by the doctrines of equitable estoppel and *laches* because he believed she had agreed to a permanent reduction in child support payments and was lulled into inaction on his petition to modify the divorce decree by her silence. He claims that petitioner had no vested right to any support payments accruing after the filing of his petition to modify the decree. He further contends that the court's award would result in a large windfall to petitioner since the children have all reached the age of majority. We disagree.

■ First, the trial judge clearly found that petitioner did not agree to reduce respondent's support obligation. Second, respondent's petition to modify the divorce decree, filed some 14 years ago and dismissed 9 years later, is now a nullity and cannot be revived. Respondent's request to reinstate his petition to modify the divorce decree was presented in his discussion of estoppel as an affirmative defense in response to the amended petition for rule to show cause. Such a request should be made by petition for relief in compliance with section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401).

■ We agree with the trial judge that respondent cannot interpose the results of his own inaction to bar petitioner's claim. Past due installments of child support are a vested right, and the court has no authority to modify them either as to amount or time of payment. See *Wilson v. Wilson* (1970), 122 Ill. App. 2d 142, 257 N.E.2d 810; *Hurt v. Hurt* (1953), 351 Ill. App. 427, 431, 115 N.E.2d 638, 640, and cases cited therein.

In order for the doctrine of equitable estoppel to apply, the six elements must be present: (1) Words or conduct by the party against whom the estoppel is alleged constituting either a misrepresentation or concealment of material facts; (2) knowledge on the part of the party against whom the estoppel is alleged that representations made

were untrue; (3) the party claiming the benefit of an estoppel must have not known the representations to be false either at the time they were made or at the time they were acted upon; (4) the party estopped must either intend or expect that his conduct or representations will be acted upon by the party asserting the estoppel; (5) the party seeking the benefit of the estoppel must have relied or acted upon the representations; and (6) the party claiming the benefit of the estoppel must be in a position of prejudice if the party against whom the estoppel is alleged is permitted to deny the truth of the representations made. (*Stewart v. O'Bryan* (1977), 50 Ill. App. 3d 108, 110, 365 N.E.2d 1019, 1020-21.) The defense of *laches* is dependent upon the facts of each case and has been defined as such neglect or omission to assert a right, taken in conjunction with a lapse of time and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity. A defendant must show prejudice or hardship and must be injured by the delay for the defense of *laches* to apply. *Fruhling v. County of Champaign* (1981), 95 Ill. App. 3d 409, 416, 420 N.E.2d 1066, 1070; *DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, 136, 418 N.E.2d 413, 417.

■ As the trial court found petitioner did not agree to a permanent reduction in child support, the doctrine of equitable estoppel does not apply. Silence on the part of the custodial spouse, in the face of unilateral reduction in child support payments by a spouse, does not itself create an equitable estoppel. (*Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571 (petitioner alleged arrearages over 22 years).) Rather, respondent's failure to comply with the provisions of the support decree was because he believed he was no longer liable for the amount specified in the decree and could therefore unilaterally reduce the payment. His erroneous belief does not bar petitioner's recovery. *Finley v Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.

■ The same rationale may be applied to respondent's assertion that *laches* bars petitioner's recovery. *Laches* is an equitable doctrine to be invoked or rejected in the trial court's discretion. The trial court in this case specifically found that the evidence was insufficient to establish *laches*. We agree. A spouse is not injured because he is forced to pay the accumulated support in one lump sum as opposed to weekly payments as ordered. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.) He asserts as prejudice that he is unable to locate his income tax returns for 1968 and 1971 and certain business records from 1971 and 1972. As he elected to forego prosecution of his petition to modify the decree, the absence of such records cannot now be

relied upon to prove prejudice.

■ Respondent cites as persuasive *Royster v. Royster* (1949), 339 Ill. App. 250, 89 N.E.2d 279 (abstract of opinion). This is an abstract decision, and the full opinion was not appended to respondent's brief in violation of Uniform Appellate Rule 8. (Ill. Rev. Stat. 1981, ch. 110A, par. 908.) We therefore refuse to consider it.

■ Respondent maintains he should be allowed to reinstate his petition to modify the divorce decree. He asserts that the trial court abused its discretion and was mistaken as to the applicable law in this regard. We note that respondent's failure to pursue his petition has removed him from the scope of *In re Marriage of McDavid* (1981), 97 Ill. App. 3d 1044, 425 N.E.2d 442, wherein it was held that the trial court has discretion to modify a support order retroactive to the date the petition for modification had been filed. It has been held that the trial court has no jurisdiction to vacate an order of dismissal for want of prosecution more than three years after its entry or to reinstate the cause. *Watts v. Medusa Portland Cement Co.* (1971), 132 Ill. App. 2d 227, 268 N.E.2d 721; *Grice v. Grice* (1940), 304 Ill. App. 584, 26 N.E.2d 747 (abstract of opinion); *Andonoplas v. Jaremko* (1972), 9 Ill. App. 3d 298, 292 N.E.2d 225.

■ Respondent next argues that the trial court abused its discretion in awarding interest on the past-due periodic support payments. The allowance of interest on such support payments lies within the sound discretion of the trial judge, whose determination will not be set aside absent an abuse of that discretion. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.) Respondent asserts that the trial judge "appears to have assumed that interest should be awarded in all cases of child support arrearages." The court's order simply states, "the accrued child support arrearage totals $16,850 in unpaid payments plus accumulated simple interest at the statutory rate applicable when each payment became due." No erroneous assumption is apparent to us in this ruling. We presume the trial judge knew the law. We cannot say that the allowance of interest constituted an abuse of discretion. As in *Finley*, for many years petitioner was deprived of money for child support which was rightfully hers and, for that same length of time, respondent enjoyed the use of this money.

■ By cross-appeal, petitioner contends that section 508(b) of the Act controls and a full award of attorney fees should be required. By its order of September 28, 1983, upon petitioner's motion for attorney fees, the trial court rejected the finding required by section 508(b). Accordingly, an award of fees is not mandatory, but discretionary. *Sostak v. Sostak* (1983), 113 Ill. App. 3d 954, 447 N.E.2d 1345.

■ Respondent urges that the trial court abused its discretion in requiring that he pay $1,200 towards petitioner's reasonable attorney fees. The trial court's finding was that petitioner's income and assets were virtually nil while those of respondent were substantial. The test of discretion in the awarding of attorney fees is the ability of the petitioning spouse to pay, together with consideration of the circumstances requiring judicial proceedings. *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785.

Although a hearing was conducted and evidence taken on this matter on August 8, 1983, neither party has supplemented the record on appeal with a transcript of that proceeding or a bystander's report prepared in compliance with Supreme Court Rule 323 (87 Ill. 2d R. 323). We conclude that the trial judge was aware of the factors to be considered and made his determination based on the totality of the circumstances. We therefore decline to disturb the exercise of his discretion.

We remand petitioner's request for attorney fees in prosecution of this appeal to the trial court so that evidence may be taken and a ruling obtained thereon. *In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 443 N.E.2d 1089.

Affirmed, and cause remanded for proceedings consistent with this opinion.

MILLS, P.J., and WEBBER, J., concur.