*In re* MARRIAGE OF MARGARET JOBE, Petitioner, and CHARLES JOBE, Respondent-Appellee (The Department of Public Aid, Intervening Petitioner-Appellant).

Fourth District   No. 4—86—0530

Opinion filed February 2, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Jill A. Deutsch, Assistant Attorney General, of Chicago, of counsel), for appellant.

Charles Jobe, of Grafton, for appellee, *pro se.*

JUSTICE LUND delivered the opinion of the court:

The Illinois Department of Public Aid, intervening petitioner in the dissolution case of Margaret Jobe, petitioner, and Charles Jobe, respondent, appeals from an order filed by the trial court on July 9, 1986, which refused to vacate a May 21, 1986, docket order which modified a child-support order retroactive to a time prior to the filing of respondent's petition for reduction.

The issue on appeal is whether or not a trial court may provide for a reduction in child support retroactive to a time prior to the filing of a petition or motion seeking modification. Charles Jobe was ordered to pay child support, became disabled in 1984, filed a petition for modification on January 27, 1986, and the trial court terminated child support from September 1984 to April 1985, finding that time span to be "the period of time the Defendant was disabled and had no

income until social security disability payments were received. The Court in its decision omitted that period as Defendant had advised Circuit Clerk and Illinois Department of Public Aid of his disability and inability to pay."

Modification of child-support payments is provided for by section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 510), and the applicable subparagraph provides:

> "(a) Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a substantial change in circumstances. The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State."

The exception in paragraph (f) of section 502 does not apply to the facts in the present case.

■ Illinois courts have continued to hold that past due child-support payments are a vested right, and reduction relating to a period of time prior to the filing of the petition or motion for modification is error. *Elliott v. Elliott* (1985), 137 Ill. App. 3d 277, 278-79, 484 N.E.2d 482, 483; *Jones v. Meade* (1984), 126 Ill. App. 3d 897, 902, 467 N.E.2d 657, 661; *In re Marriage of Williams* (1983), 115 Ill. App. 3d 55, 450 N.E.2d 34; *Rodgers v. Rodgers* (1983), 118 Ill. App. 3d 334, 454 N.E.2d 1153; *In re Marriage of Johnson* (1982), 106 Ill. App. 3d 502, 436 N.E.2d 228; *Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 408 N.E.2d 752.

■ We recognize the respondent's hardship but find that the modification is controlled by section 510. The trial court's reliance on its retroactive application when computing the support arrearage created error. The cause must be returned to the trial court for purposes of computing the respondent's arrearage based on there being no modification of child support prior to January 27, 1986.

Reversed and remanded.

SPITZ, P.J., and GREEN, J., concur.