THE SANTA CLARA VALLEY MILL AND LUMBER COMPANY, Appellee, *vs.* DEWITT CLINTON PRESCOTT, Appellant.

*Opinion filed February 19, 1909—Rehearing denied April 7, 1909.*

1. JUDGMENTS AND DECREES—*when decree is not admissible to show a decree for costs.* A decree reciting that "the decree in this cause be and the same is hereby reversed, with costs, and the cause is remanded to said circuit court with directions to dismiss the bill," does not show a decree for costs in favor of the appellant, against the appellee, and it is not admissible in evidence for that purpose in an action of debt where the plea is *nul tiel* record.

2. SAME—*when a decree cannot be aided by proof of rules of court.* In an action of debt on an alleged decree for costs, where the plea is *nul tiel* record, the record of the decree offered in evidence must stand or fall by itself, and it cannot be aided by the rules of court introduced in its support.

3. SAME—*when interest may properly be allowed on decree.* In an action in Illinois on a decree for costs rendered by the United States Circuit Court for the Northern District of Cailfornia, interest is properly allowed upon the decree in the absence of evidence showing that the law in said district was such that the decree would not draw interest.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

238—40

This is an appeal by DeWitt Clinton Prescott from a judgment of the Appellate Court for the First District affirming a judgment for the sum of $2137 recovered by the Santa Clara Valley Mill·and Lumber Company, the appellee, against appellant, in an action of debt in the superior court of Cook county.

The declaration, which consists of six counts, alleges, in substance, that on November 9, 1895, there was instituted in the Circuit Court of the United States for the Northern District of California a certain suit in chancery by appellant herein against appellee and others, and that on March 16, 1899, a decree was entered therein by which the said court awarded an injunction against the appellee and judgment against it for one dollar and costs, and that by said decree the suit was dismissed as to the defendants other than appellee; that appellee perfected an appeal from said decree to the United States Circuit Court of Appeals for the ninth circuit of the United States, which court, after hearing the said cause on appeal, reversed the decree of the trial court and remanded the cause to that court with directions to dismiss the bill, and included in the decree of reversal a judgment for costs, amounting to $1306.10, against appellant and in favor of appellee; that said United States Circuit Court of Appeals, in pursuance of said judgment, issued its remanding order, in which there was inserted, in the body thereof, the amount of said judgment for costs with a detailed statement of the items thereof, which remanding order was filed and entered of record on July 5, 1900, in the Circuit Court of the United States for the Northern District of California and spread upon the records of the said court; that in pursuance of the directions contained in the remanding order issued by said United States Circuit Court of Appeals, the Circuit Court of the United States for the Northern District of California entered a decree dismissing appellant's bill, and included therein a judgment for costs incurred in said court against appellant and in favor of

appellee for the sum of $145.45; that said judgments for costs, with interest thereon, remain in full force and effect and are unpaid, and that the appellant refuses to pay said judgments.

Appellant filed a plea of *nul tiel* record. By agreement of the parties the cause was submitted to the court without a jury. The proof introduced by appellee consisted solely of documentary evidence. The judgment entered in the superior court includes the costs claimed, with interest at seven percentum per annum.

It is contended by appellant (1) the court erred in passing on objections to evidence; and (2) the court did not correctly apply the law in allowing interest upon the costs for which suit was brought.

GORHAM & WALES, and FRANKLIN E. VAUGHAN, for appellant.

FREDERICK W. WINKLER, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The proof shows that the United States Circuit Court of Appeals had jurisdiction of the parties and had jurisdiction to render its decree counted upon in this suit. That decree is in words and figures following:

"This cause came on to be heard on the transcript of record from the Circuit Court of the United States for the Northern District of California and was argued by counsel, on consideration whereof it is now here ordered, adjudged and decreed by this court that the decree of the said circuit court in this cause be and the same is hereby reversed, with costs, and the cause is remanded to said circuit court with instructions to dismiss the bill."

It is also shown by competent evidence that the costs referred to in this decree were lawfully taxed at the sum of $1306.10, but the decree, when offered in evidence, was ob-

jected to on the ground that it did not appear therefrom that the costs were adjudged against Prescott, there appellee, and in favor of the Santa Clara Valley Mill and Lumber Company, there the appellant.

In *Martin v. Barnhardt,* 39 Ill. 9, the record entry relied upon recited the overruling of the motion for a new trial, and continued: "And judgment entered upon the verdict for $3000 and costs, to which the defendant excepts." It was held that this was not a judgment, because, among other things, it failed to state in whose favor or against whom it was rendered. To the same effect is the case of *Metzger v. Morley,* 184 Ill. 81. It follows that the decree above set out, standing alone, was not admissible in evidence for the purpose of showing a decree for costs in favor of the company and against Prescott.

Over the objection of appellant, appellee introduced in evidence rule 31 of the United States Circuit Court of Appeals for the ninth circuit, which provides, among other things, "in cases of reversal of any judgment or decree of this court, costs shall be allowed to the plaintiff in error or appellant, including the cost of the transcript from the court below, unless otherwise ordered by the court," and it is contended that this rule shows conclusively that the decree for costs was against the appellant, as it does not appear that it was otherwise ordered by the Circuit Court of Appeals. The rule undoubtedly shows that except it was otherwise ordered Prescott would rightfully be adjudged by the Circuit Court of Appeals to pay the costs here in controversy. But the difficulty is that this is an action upon the decree and the plea is *nul tiel* record. Such being the case, the record offered must stand or fall by itself. It can not be aided by the rule introduced in its support. The existence of the decree for costs must be determined by an inspection of the record alone. *Clark v. Melton,* 19 S. C. 498; *Treat v. Maxwell,* 82 Me. 76; *Noyes v. Newmarch,* 1 Allen, 51.

It is then urged that the expressions used in the decree above set out show, by implication, that the unsuccessful party was adjudged to pay the costs. This might be true if in every proceeding in chancery the costs of the appellate tribunal, in the event of reversal, were necessarily adjudged against the party cast; but this is not the case in every jurisdiction and in every instance.

Appellee also sued for the amount of a decree for costs rendered by the United States Circuit Court for the Northern District of California, following the decree of reversal above referred to. The amount of that decree so rendered by the Circuit Court for the Northern District of California was $145.45, and recovery for that amount, with interest thereon at seven percentum per annum from the date of that decree, was had in this suit. The only objection made to plaintiff's recovery as to this item which is entitled to consideration is with reference to the interest. Under our law it is clear that interest was properly allowed upon the decree in the absence of evidence showing that the law in the northern district of California was such that it would not draw interest. No such evidence was introduced. A statute of the State of California was admitted in evidence by virtue of which it is claimed that the rate at which the decree draws interest is seven percentum. Appellant now contends that the California statute was improperly admitted in evidence because it was not pleaded, and that under these circumstances no more interest could, in any event, be allowed than that given by our own statute. This point seems not to have been made in the superior court. In fact, it is apparent from a proposition of law submitted by appellant in that court that he there tried the case on the theory that if appellee was entitled to recover interest the rate at which it was entitled to recover was seven percentum. The question as to the rate of interest will therefore not be considered by us.

The judgment of the Appellate Court and the judgment of the superior court will be reversed and the cause will be remanded to the latter court for further proceedings not inconsistent with this opinion.          *Reversed and remanded.*