William B. Sullivan et al., Defendants in Error, v. Louis
F. Algrem et al., Plaintiffs in Error.

Gen. No. 15,264.

1. EVIDENCE—*of what judicial notice taken.* The courts of Illinois
will take judicial cognizance of the fact that the Revised Statutes of the
United States authorize the appointment of a deputy clerk for the
Circuit Court of the United States.

2. JUDGMENTS—*when exemplification proper.* A certificate signed
in the name of the clerk of the court by his deputy is a compliance with
the act of Congress regarding the authentication of records.

3. JUDGMENTS—*what essential to sustain, for costs.* If a judgment
in suit contains an item of costs referred to in the mandate of an ap-
pellate tribunal such mandate is an essential part of the judgment record
relied upon for recovery.

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COW-
ING, Judge, presiding. Heard in this court at the October term, 1908.
Reversed and remanded. Opinion filed October 6, 1910.

OSSIAN CAMERON and CLAUD D. HALL, for plaintiffs in
error.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR.,
for defendants in error; THOMAS C. HENNINGS, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.
This action is of the "fourth class," brought in the Muni-
cipal Court of Chicago.
The statement of claim filed in that court is as follows:
"Plaintiffs' claim is for a judgment rendered against de-
fendants and in favor of plaintiffs in the United States
Circuit Court, Eastern Division of the Eastern Judicial
District of Missouri for two hundred eighty-eight dollars
and twenty-five cents ($288.25) and interest thereon, said
cause being 5454."
The cause was submitted to the trial judge without a
jury and there was a finding in favor of plaintiffs and
against defendants for the amount claimed and a judgment

for $293.05 with costs was entered. Defendants prosecute this writ of error and ask that on a review of the record the judgment be reversed.

To support plaintiffs' claim there was introduced in evidence a transcript of the judgment of the United States Circuit Court for the Eastern Division of the Eastern Judicial District of Missouri in a case between the same parties as in the case at bar. It is dated June 15, 1908, and certified July 30, 1908. This was received over the objection of defendants. The transcript sets forth an appeal to the United States Circuit Court of Appeals for the Eighth Circuit from an interlocutory decree made by the Circuit Court appointing a receiver, which decree the Court of Appeals reversed, and continues: "Now therefore, in obedience to the mandate of said United States Circuit Court of Appeals, and in conformity with the opinion rendered by said Court * * be and it is hereby in all things set aside and vacated, * * and that the costs and expenses of the receivership proceeding in this court, except the allowances heretofore made, be taxed against the complainants."

Appended to this and a part of the transcript is the following, after entitling the court and the cause:

"No. 5454. Abstract of costs unpaid by and taxed against complainants, pursuant to decree entered June 15, 1908. Clerk, allowance of appeal and costs of transcript to
U. S. Circuit Court of Appeals, Eighth Circuit.. $75.05
Costs of United States Circuit Court of Appeals, Eighth Circuit (as certified in Mandate of said Court) ..................................... 213.20

                                                $288.25
Correct $288.25.

James R. Gray, Clerk,
By Irwine Mitchell, Deputy Clerk."

The foregoing was certified in conformity to the Act of Congress relating to the authentication and exemplification of records. The attestation, however, of the clerk was by Irwine Mitchell, deputy. The opinion of the Circuit Court

of Appeals reversing the interlocutory decree of the Circuit Court was received in evidence against the objection of defendants. The foregoing constituted all of the evidence proffered by or received for plaintiffs. Defendants offered in evidence Rule No. 31 of the Rules of the United States Circuit Court of Appeals for the Eighth Circuit, and it was received without objection. Section 5 reads: "When costs are allowed in this Court it shall be the duty of the Clerk to insert the amount thereof in the body of the mandate, or other proper process sent to the court below, and annex to the same the bill of items taxed in detail."

What function or purpose the opinion of the Circuit Court of Appeals served as evidence in the case, we are at a loss to discover. Its effect, however, being entirely fruitless as evidence for either party, as it did not support any contention made in the case, it was harmless error to permit its admission.

It is urged that the certificates of the clerk being signed in the name of the clerk by his deputy was not a sufficient compliance with the Act of Congress regarding the authentication of records to entitle the transcript to be received in evidence. With this contention we are unable to agree. It will be assumed, in the absence of some evidence to the contrary, that the deputy signing his chief's name did so with authority. The courts of Illinois will likewise take judicial cognizance of the fact that the Revised Statutes of the United States, 1907, supplement pp. 136–7, authorize the appointment of a deputy clerk for the Circuit Court of the United States in the Eastern District of Missouri. Without such statute the certification by deputy would be sufficient in this jurisdiction, for as said in Garden City Sand Co. v. Miller, 157 Ill. 225: "The deputy, though a deputy merely, is made the officer, and a certificate made by such deputy and signed as deputy will be presumed to have been made by reason of a vacancy or because of absence or inability of the officer."

The real difficulty with this case is the absence of the mandate of the Circuit Court of Appeals, in which it is

said the item of $213.20 appears as costs taxed in that court, and the lack of any evidence of a judgment against plaintiffs for the cost in the Circuit Court of Appeals. We think Santa Clara Lumber Co. v. Prescott, 238 Ill. 625, is conclusive against plaintiffs, for, as there said, "the existence of the decree for costs must be determined by an inspection of the record alone."

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*