ELIZABETH A. ELLIOTT, a/k/a Elizabeth Joplin, Petitioner-Appellant, v. WALTER D. ELLIOTT, Respondent-Appellee.

Fourth District   No. 4—85—0197

Opinion filed October 7, 1985.

Jacqueline K. Brandenburg, of Carlinville, for appellant.

Philip D. Wynn, of Carlinville, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Petitioner appeals from an order of the circuit court of Macoupin County dismissing a petition for rule to show cause alleging that re-

spondent owed child support arrearages in the amount of $5,742. Petitioner argues that the trial court improperly dismissed her petition after reducing child support arrearages and improperly denied her request for attorney fees. The facts are as follows.

Petitioner, Elizabeth A. Joplin, formerly known as Elizabeth A. Elliott, and respondent Walter D. Elliott were divorced in April 1971. Four children were born of the marriage. The divorce decree awarded custody of the children to Elizabeth and ordered Walter to pay $150 per month as unallocated child support. In October 1978, the court modified the divorce decree to increase Walter's support obligation to $225 per month.

In September 1979, the oldest child, Tami, left the residence of Elizabeth and moved in with Walter. Tami informed Elizabeth that Walter would pay Tami's share of the child support directly to her rather than to her mother. Elizabeth neither specifically agreed nor objected to this arrangement. When Tami informed Walter of this conversation, Walter reduced child support payments to Elizabeth. Walter began paying $169 per month to Elizabeth and $56 per month to Tami. Elizabeth never objected to the reduction. After Tami became 18 years old in June 1980, Walter ceased making payments to Tami and continued payments to Elizabeth in the amount of $169 per month.

In July 1981, the next oldest child, Nancy, became 18 years old. Elizabeth testified that on the night before Nancy's birthday, she informed Walter that he was to be paying $225 per month in support. Walter responded that he had a right to cease payments on a pro rata basis when a child attained the age of majority. Walter apparently came to this conclusion after being so informed by the circuit clerk of Macoupin County. After Nancy turned 18, Walter reduced his child support payments another $56 to $115 per month. Walter testified that Elizabeth never objected to the further reduction in child support.

In January 1985, Elizabeth filed a petition for rule to show cause, alleging child support arrearages in the amount of $5,742. The court concluded that total arrearages amounted to $6,197. After finding that the parties had agreed to a reduction in the amount of child support, the court allowed Walter a credit of $5,912. The court found that the amount due Elizabeth from Walter was $285. The court denied the relief sought in the petition, including Elizabeth's request for attorney fees. The court then dismissed the petition. Elizabeth filed a timely notice of appeal.

■ The right to past-due installments of child support is a vested

right which may not be reduced or eliminated by a court absent a valid defense. (*Lewis v. Staub* (1981), 95 Ill. App. 3d 243, 419 N.E.2d 1223; *Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 408 N.E.2d 752.) As an exception to this otherwise rigid rule, courts will, in a proper case, give effect to an agreement between the parties to reduce child support payments or will apply the doctrine of equitable estoppel. (*In re Marriage of Strand* (1980), 86 Ill. App. 3d 827, 408 N.E.2d 415.) Such an agreement must. be proved by clear and convincing evidence, and a finding that such an agreement existed will not be overturned absent an abuse of discretion. (See *Ruster v. Ruster* (1980), 91 Ill. App. 3d 355, 414 N.E.2d 927.) In the instant case, we find that respondent, Walter, failed to prove the existence of such an agreement; therefore, the trial court's finding that such an agreement existed constitutes an abuse of discretion.

The only proof that an agreement to reduce child support payments existed between the parties is testimony that Tami told her mother that Walter was reducing child support payments to her, a reduction to which Elizabeth neither agreed nor objected. Neither the passage of time nor Elizabeth's silence is sufficient to establish that an agreement to reduce child support payments existed between the parties. (See *In re Marriage of Bjorklund* (1980), 88 Ill. App. 3d 576, 410 N.E.2d 890.) In fact, the only evidence that a conversation ever took place between Elizabeth and Walter is Elizabeth's testimony that on the night before Nancy's birthday she informed Walter that he should be paying her $225 per month. Furthermore, Walter improperly reduced child support payments when Tami and Nancy each attained the age of 18. A parent may not unilaterally reduce unallocated child support as each child is emancipated by reaching the age of majority. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.) For the foregoing reasons, the trial court's finding that an agreement existed between the parties to reduce child support payments is against the manifest weight of the evidence.

The petitioner, Elizabeth, argues further that the trial court improperly denied her request for attorney fees. The issue is controlled by section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 508(b)). Section 508(a) of that Act provides that a trial court may order either spouse to pay a reasonable amount for the costs and attorney fees of the other spouse in the enforcement or modification of any order other than the enforcement of a provision for child support. (Ill. Rev. Stat. 1983, ch. 40, par. 508(a).) Section 508(b), dealing with the enforcement of child support orders provides:

"In every proceeding for the enforcement of an order or judgment for child support in which relief is granted to the parent having custody of the child and the court finds that the failure to pay child support was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the custodial parent's costs and reasonable attorney's fees."

There is a significant different in language between the two sections. Section 508(a) makes the payment optional ("The court *** may order"); section 508(b) makes the payment mandatory ("the court shall order") provided the court finds that the failure to pay was without cause or justification.

Case law has construed this language as being mandatory. In *Sostak v. Sostak* (1983), 113 Ill. App. 3d 954, 447 N.E.2d 1345, the court held the language mandatory and the amendment to the statute retroactive. It remanded for a specific finding by the trial court as to whether the failure to pay was without cause or justification. In *Fogliano v. Fogliano* (1983), 113 Ill. App. 3d 1018, 448 N.E.2d 245, the court found the language to be mandatory and remanded for determination of attorney fees since the trial court had found in its order that the failure to pay was without cause or justification. In *In re Marriage of Donahoe* (1983), 114 Ill. App. 3d 470, 448 N.E.2d 1030, the court again found the language to be mandatory and further found that the trial court's finding that the failure to pay was not wilful and wanton was an abuse of discretion and reversed that finding and entered judgment for attorney fees.

In our judgment, the sum of these cases is that a trial court in the matter of enforcement of child support orders has no discretion as to whether to award costs and fees. Its only discretion is to decide whether the failure to pay was without cause or justification. If it so finds, the payment of fees and costs in a reasonable amount is mandatory; if it finds that there was no justification or, to state it another way, the failure was not wilful and wanton, it may deny fees and costs.

In the instant case the trial court made a specific finding. In its docket order it is stated, "Court further finds that the failure to pay on the part of the respondent was justified and therefore any claim for attorney fees is denied." We agree with the trial court's finding.

Although we have determined that Walter's unilateral reduction of child support payments was improper, Walter's actions were not necessarily without cause or justification. Although the evidence is not

clear, Walter apparently relied upon what he thought was an agreement to reduce child support payments when he first reduced his payments. In any case, the amount owed to Elizabeth was paid to Tami, which is evidence that Walter acted in good faith. (See *In re Marriage of Bjorklund* (1980), 88 Ill. App. 3d 576, 410 N.E.2d 890 (in which the court noted that the trial court's failure to allow interest on child support arrearages did not constitute an abuse of discretion where the noncustodial parent made support payments directly to his children).) Furthermore, Walter's decision to unilaterally reduce child support payments as each child attained the age of majority was made in reliance on the incorrect and improper legal advice of the circuit clerk. Based upon the facts of the instant case, we find that Walter's unilateral reduction of child support payments was not without cause or justification; therefore, the trial court's denial of attorney fees was proper.

That portion of the court's order dismissing the petition for rule to show cause is reversed and remanded with directions to enter an order finding that respondent owes child support arrearages in the amount of $6,197. That portion of the court's order denying petitioner's request for attorney fees is affirmed.

Reversed in part and remanded with directions; affirmed in part.

McCULLOUGH and MORTHLAND, JJ., concur.