TERRY ROBINSON, Plaintiff, v. ROBERT ROBINSON, Defendant-Appellee (Thomas R. O'Bryan, Appellant).

First District (2nd Division)   No. 85—0243

Opinion filed January 28, 1986.

Thomas R. O'Bryan, of Oak Park, for appellant.

No brief filed for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Pursuant to a judgment of divorce, the trial court ordered defendant to pay the attorney fees of appellant, plaintiff's attorney. When defendant subsequently failed to pay the attorney fees, appellant sought a motion in the trial court to enter judgment against defendant for the amount of the attorney fees plus statutory interest. The trial court entered judgment in favor of appellant for the amount of fees and court costs but denied appellant's request for statutory interest on the attorney fees. Appellant appeals from this order denying statutory interest contending that the provisions of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1303), which provide

for the inclusion of interest when judgment is entered upon any award, report or verdict is mandatory rather than discretionary.[1]

On March 5, 1976, the trial court entered a judgment for divorce in favor of plaintiff. The judgment ordered defendant to pay appellant the sum of $400 payable in increments at 30, 60, 90 and 120 days from the date of entry of the judgment.

On January 3, 1985, appellant obtained an order from the circuit court entering judgment in his favor and against defendant in the amount of $400 plus costs, but the court denied appellant's request for statutory interest on the amount of fees.

Section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1303) provides in pertinent part:

"Judgments recovered before any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, school district, a community college district, or any other governmental entity. Where judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment."

An award of interest on a money judgment requires that: (1) the amount of money to be paid was certain and (2) the judgment debtor enjoyed the improper use of the money during the period for which interest is to be awarded. (*Lincolnland Properties, Inc. v. Butterworth Apartments, Inc.* (1984), 128 Ill. App. 3d 673, 470 N.E.2d 639.) Here, appellant has met both criteria because the divorce judgment clearly defined the amount of money to be paid, and the judgment debtor enjoyed the improper use of the money during the period for which interest is to be awarded.

Although we are aware of no decisions on the question of whether interest is allowable on a judgment for attorney fees, we note that a judgment for costs is as much the judgment of the court as the damages awarded and that interest may therefore be awarded upon a judgment for costs. (*Linck v. City of Litchfield* (1889), 31 Ill. App. 104; see *Santa Clara Valley Mill & Lumber Co. v. Prescott* (1909), 238 Ill. 625, 87 N.E. 851.) Moreover, in *People v. Johnson* (1981), 87

---

[1]Defendant has not filed a brief as appellee, but this does not preclude disposition of the appeal on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Ill. 2d 98, 429 N.E.2d 497, the supreme court held that interest on attorney fees was not allowable because there had not been a final judgment of the exact amount of fees. Thus, by implication, it would appear that interest is allowable on attorney fees, once they are determined in a final judgment.

The language of section 2—1303 would appear to be mandatory because it states that "[j]udgments *** *shall* draw interest" (emphasis added), and it also refers to judgments recovered before "any" court and judgments entered upon "any" award report or verdict. Hence, reviewing courts have held that the language of this section as it appeared in the predecessor section of the interest statute (Ill. Rev. Stat. 1977, ch. 74, par. 3) "is positive and self-executing," and that the trial court is without authority or discretion to limit the interest which thereby accrues upon a judgment. *Lukas v. Illinois Insurance Guaranty Fund* (1978), 67 Ill. App. 3d 398, 384 N.E.2d 938.

Nevertheless, the supreme court has ruled in *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12, that the allowance of interest on child support arrearages is not mandatory but is within the sound discretion of the trial court, and that such a determination will not be set aside absent an abuse of that discretion. In reaching that decision, the court noted that a divorce proceeding must be governed to a great extent by the rules that are applicable to a chancery proceeding, and that, in a chancery proceeding, the decision to allow interest is within the sound discretion of the trial court. Interest is allowed where equitable considerations warrant but should be denied if inconsistent with justice and equity. Under this rationale, in *In re Marriage of Bjorklund* (1980), 88 Ill. App. 3d 576, 410 N.E.2d 890, this court held that the trial court did not abuse its discretion in refusing to award interest on child support arrearages.

Similarly, in *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 309 N.E.2d 632, this court ruled that a trial court did not abuse its discretion in refusing to award interest on unpaid installments of a lump-sum property settlement. This court recognized the statutory section dealing with interest on judgments, but followed the reasoning of earlier cases, holding that the allowance of interest was a matter within the sound discretion of the trial court.

Hence, we conclude that in the context of a divorce proceeding, the provisions of section 2—1303 are not mandatory, but rather the allowance of interest is within the sound discretion of the trial court. In the case before us, we note that although the divorce judgment was entered in March 1976, appellant did not bring his motion to enforce recovery of attorney fees as allowed in the judgment

until January 1985, almost nine years later. The record on appeal does not contain a report of proceedings from the hearing on appellant's motion for judgment including statutory interest. Furthermore, there is nothing the record to show any explanation for defendant's failure to pay the judgment, nor does appellant argue on appeal that an award of interest in this case would be equitable. However, a reviewing court is not obligated to search the record on appeal to find an abuse of discretion. (See *Kenny Construction Co. v. Hinsdale Sanitary District* (1982), 111 Ill. App. 3d 690, 444 N.E.2d 510.) Where no transcript of a hearing is submitted as part of the record on appeal, a reviewing court has no basis for holding that the trial court abused its discretion in denying the motion. (*Libco Corp. v. Roland* (1981), 99 Ill. App. 3d 1140, 426 N.E.2d 309.) Under the circumstances, including appellant's delay in bringing his claim, we are unable to conclude that the trial court's refusal to award interest on the attorney fees was an abuse of discretion.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

BILANDIC, P.J., and STAMOS, J., concur.