BANK OF CHICAGO, Plaintiff-Appellant, v. PARK NATIONAL BANK, Defendant-Appellee.

First District (2nd Division)   No. 1—94—4216

Opinion filed December 5, 1995.—Rehearing denied January 18, 1996.

Holleb & Coff, of Chicago (Paul T. Fox, Richard S. Rhodes, and David A. O'Toole, of counsel), for appellant.

Jones, Day, Reavis & Pogue, of Chicago (James R. Daly, Irene Savanis, and Dean M. Jeske, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

This is the third appeal involving these parties. (See *Bank of Chicago-Garfield Ridge v. Park National Bank* (1992), 237 Ill. App. 3d 1085, 606 N.E.2d 72; *Bank of Chicago v. Park National Bank* (1994), 266 Ill. App. 3d 890, 640 N.E.2d 1288.) In the instant appeal, plaintiff Bank of Chicago appeals from an order, entered following proceedings upon remandment, granting defendant Park National Bank (Park) both pre- and post-judgment interest.

The issues presented include, essentially, whether (1) the previously entered judgment provided a basis for the interest awards; (2) the petition for statutory interest was timely presented; (3) the circuit court erred in awarding pre- and post-judgment interest; and (4) Park is entitled to attorney fees for this appeal.

■ Initially, we note that Bank of Chicago's statement of facts violates Supreme Court Rule 341(e)(6) (155 Ill. 2d R. 341(e)(6)) in that it is replete with argument and comment, and makes few references to the pages of the record on appeal. Any statement that is argumentative or made without reference to the record need not be considered by this court. (See *City of Highwood v. Obenberger* (1992), 238 Ill. App. 3d 1066, 1073, 605 N.E.2d 1079.) Nevertheless, we elect to consider the appeal fully on its merits, with the admonition that counsel familiarize themselves with the supreme court rules and follow them.

On April 30, 1990, Bank of Chicago filed an eight-count complaint against Park and its senior vice-president, relating to certain loans made by Park to Evron Industries, Ltd. (Evron), in which Bank

of Chicago purchased a $1 million participation interest. Bank of Chicago filed its action after Evron sought bankruptcy protection on February 28, 1990. The bank endeavored to recover its entire $1 million participation, plus interest.

In December 1987, Bank of Chicago loaned $1.9 million to Wright Industries, Inc. (Wright), in which loan it simultaneously sold Park a 100% participation interest. On January 29, 1991, when the principal balance due on the Wright note was $1,855,488, Bank of Chicago notified Park that it had repurchased Park's participation in the note and set off the proceeds from that repurchase against amounts in excess of $2 million that Park owed Bank of Chicago from Bank of Chicago's participation in Park's loans to Evron, which at the time was the subject of pending litigation. *Bank of Chicago*, 237 Ill. App. 3d at 1089.

In March 1991, Bank of Chicago filed an amended complaint, adding count IX, which sought a declaration that Bank of Chicago had properly set off the proceeds of the Wright participation. Park immediately moved for an expedited summary judgment on count IX alleging that, as a matter of law, Bank of Chicago was not entitled unilaterally to set off funds belonging to Park from the Wright participation against the unliquidated and disputed litigation claims.

On May 21, 1991, the circuit court granted summary judgment in favor of Park on count IX. On June 17, 1991, Park moved for a Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a) (Rule 304(a))) finding, which the circuit court granted. On September 22, 1992, this court affirmed the circuit court's decision that Bank of Chicago's attempted setoff was improper. *Bank of Chicago*, 237 Ill. App. 3d at 1097.

With regard to the litigation pending from the Evron participation, the circuit court entered judgment on April 2, 1993, in favor of Bank of Chicago in the amount of $1,118,357. This court affirmed that judgment, but reversed a $1,000 award of nominal damages in favor of Bank of Chicago. *Bank of Chicago*, 266 Ill. App. 3d at 900-01, 905.

On April 13, 1993, following the entry of judgment in favor of Bank of Chicago, counsel for Bank of Chicago sent a letter to Park's attorney enclosing a check in the amount of $763,134, which purported to represent the difference between the attempted setoff amount of the Wright participation ($1,881,490 (including accrued interest)) and the amount of Bank of Chicago's judgment on the Evron claims ($1,118,356).

On April 16, 1993, Park's counsel sent a letter to Bank of Chicago's counsel demanding, among other things, that Bank of Chicago pay pre- and post-judgment interest as set forth in the letter.

On April 19, 1993, Bank of Chicago's attorney replied that Park was not entitled to post-judgment interest because the declaratory judgment did not enter a money judgment nor did it indicate a sum certain. On April 23, 1993, Bank of Chicago's attorney expressed disagreement as to Park's entitlement to pre-judgment interest from January 29, 1991, the day Bank of Chicago repurchased Park's participation and entered the setoff, to the date of the judgment.

On August 5, 1994, Park filed a petition for further relief pursuant to section 2—701(c) of the Code of Civil Procedure (Code) (735 ILCS 5/2—701(c) (West 1992) (section 2—701(c))), seeking entry of an order directing Bank of Chicago to pay interest pursuant to section 2 of the Interest Act (815 ILCS 205/2 (West 1992)) and section 2—1303 of the Code of Civil Procedure (735 ILCS 5/2—1303 (West 1992)), that had accrued on the court's judgment of May 21, 1994. On November 4, 1994, the circuit court entered judgment in Park's favor in the amount of $386,770, representing pre- and post-judgment interest through November 3, 1994. The judgment also provided that interest would accrue at the *per diem* rate of $83.65.

On November 30, 1994, Bank of Chicago timely filed its notice of appeal.

## I

■ Bank of Chicago's first argument is that the circuit court's grant of summary judgment on May 21, 1991, provided no basis for awarding statutory interest, for reasons which follow.

## A

Bank of Chicago maintains that the judgment merely made a finding that the setoff against the Evron claim was improper, questions whether the Wright repurchase was legal, and notes that Park never elected to rescind or ratify the repurchase.

Park responds that the declaratory judgment compelled Bank of Chicago to turn over the proceeds from the Wright repurchase, as well as any interest provided by law. Further, Park's reservation of its right to challenge the Wright repurchase did not eliminate Bank of Chicago's obligation to tender the Wright proceeds. Park also insists that it demanded from Bank of Chicago the Wright proceeds plus interest within days after the grant of summary judgment.

Count IX of the amended complaint sought a declaration that Bank of Chicago had validly set off the claims arising from the repurchase of the Wright participation against amounts from the pending Evron litigation. In its motion for summary judgment on count IX, Park stated that it "does not concede that [Bank of Chicago] was entitled to unilaterally repurchase Park's participation."

The order granting Park summary judgment merely found that Bank of Chicago's attempted setoff was not valid; the circuit court did not order that the Wright proceeds be given to Park. Although in making its oral ruling the court observed that Bank of Chicago should release the proceeds from the Wright loan upon entry of summary judgment, oral remarks of the court expressing its opinion on the question at issue did not constitute an order of court and lacked binding force. *Stewart v. Stewart* (1975), 35 Ill. App. 3d 236, 239, 341 N.E.2d 136.

Although the court's order did not direct Bank of Chicago to pay the Wright proceeds to Park, and Bank of Chicago contends that Park failed to elect its remedy of rescission or ratification of the repurchase, the record shows that 10 days after the entry of the declaratory judgment, Park, in a letter to Bank of Chicago, asserted its demand for the immediate release of the Wright proceeds plus interest.

Bank of Chicago's argument that the repurchase was contrary to law is similarly unavailing. By its letter of January 29, 1991, Bank of Chicago notified Park that it had repurchased Park's participation in the Wright loan. The Wright participation agreement is silent as to Bank of Chicago's right to repurchase the loan; nevertheless, Bank of Chicago is estopped from now arguing that its own actions were contrary to law. See *Beynon Building Corp. v. National Guardian Life Insurance Co.* (1983), 118 Ill. App. 3d 754, 455 N.E.3d 246.

### B

Bank of Chicago next argues that the summary judgment was not the equivalent of a money judgment because the circuit court heard no evidence nor came to any conclusion on the fair market value of the Wright loan at the time it was repurchased. In the absence of a money judgment, it maintains that the award of statutory interest was improper.

Park counters that Bank of Chicago's actions throughout this litigation constitute judicial admissions that the proceeds of the Wright participation were liquidated from the date of repurchase. First, in asserting its right to the setoff, Bank of Chicago maintained that its claim to the Evron proceeds, as well as Park's claim to Wright proceeds, was mature and liquidated. Next, in correspondence to Park, Bank of Chicago admitted that the principal balance of the Wright participation was $1,881,490.

On January 29, 1991, Bank of Chicago notified Park by letter that it was repurchasing the Wright loan, which it stated had "a current outstanding balance of $1,855,487.64," and that the "proceeds of

the repurchase have been credited against amounts owed" to Bank of Chicago from the Evron claims. In addition, Bank of Chicago argued before this court in the first appeal that it was entitled to a setoff because the claims arising from the Evron and Wright participations were mature and liquidated. (See *Bank of Chicago*, 237 Ill. App. 3d at 1091.) Finally, on April 13, 1993, Bank of Chicago sent Park a check for $763,133, which it stated represented the difference between the value of the Wright loan ($1,881,490) and the judgment entered against Park in the Evron litigation ($1,118,357).

A judicial admission is a deliberate, clear, unequivocal statement of a party regarding a concrete fact within the party's peculiar knowledge and is conclusive upon the party making it, thereby relieving the opposing party from presenting any evidence. *Doyle v. White Metal Rolling & Stamping Corp.* (1993), 249 Ill. App. 3d 370, 386, 618 N.E.2d 909; *Baker-Wendell, Inc. v. Edward M. Cohon & Associates, Ltd.* (1981), 100 Ill. App. 3d 924, 427 N.E.2d 317.

Here, Bank of Chicago's letter of January 29, 1991, which is attached to and made a part of count IX of the amended complaint, and its representations before this court in the first appeal, constitute judicial admissions that dispense with the need for proof of the fact that the proceeds from the Wright loan were liquidated.

We conclude that the amount of the Wright proceeds was liquidated and determinable.

## II

■ Bank of Chicago next argues that Park failed to timely seek modification of the summary judgment entered in May 1991, claiming that after Park sought and received a Rule 304(a) finding as to count IX, Park's right to seek "further relief" under section 2—701(c) terminated.

A court of review may affirm the decision of the circuit court for any reason appearing in the record, regardless of whether the reasoning of the circuit court was correct. *Messenger v. Edgar* (1993), 157 Ill. 2d 162, 177, 623 N.E.2d 310.

The language of the interest statute (735 ILCS 5/2—1303 (West 1992)) "is positive and self-executing." (*Robinson v. Robinson* (1986), 140 Ill. App. 3d 610, 612, 488 N.E.2d 1349; *Lucas v. Illinois Insurance Guaranty Fund* (1978), 67 Ill. App. 3d 398, 400, 384 N.E.2d 938.) Because we conclude that jurisdiction was proper in this case under section 2 (815 ILCS 205/2 (West 1992)) and section 2—1303 (735 ILCS 5/2—1303 (West 1992)), we need not address the above contention.

## III

Bank of Chicago contends that Park is not statutorily or equitably entitled to either pre- or post-judgment interest. We disagree.

## A

■ Bank of Chicago first maintains that Park was not entitled to pre-judgment interest under any of the provisions of section 2 of the Interest Act (Act) (815 ILCS 205/2 (West 1992)). Park responds that the circuit court's award of interest was proper under section 2 of the Act, as well as under its equitable powers.

Section 2 of the Act provides that creditors shall be allowed interest for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; or on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; or on money withheld by an unreasonable and vexatious delay of payment, among other bases. (815 ILCS 205/2 (West 1992).) The decision to allow statutory interest lies within the sound discretion of the circuit court. *Bank of Chicago*, 266 Ill. App. 3d at 900.

Bank of Chicago argues that Park was not entitled to prejudgment interest on the participation proceeds as "money due on the settlement of account" because Bank of Chicago failed to elect a remedy and the amount due was not liquidated.

As discussed in part I(A) of this opinion, Park adequately notified Bank of Chicago that it demanded the proceeds from the Wright participation soon after summary judgment was entered.

Where there is a *bona fide* difference of opinion between the parties as to the balance due, no interest can be allowed upon an account. (*Harry Alter Co. v. Chrysler Corp.* (7th Cir. 1960), 285 F.2d 903, 907 (construing the Illinois Interest Act).) Here, the participation proceeds were nothing more than the outstanding balance of the Wright loan plus a readily determinable amount of accrued interest. Bank of Chicago apparently recognized this at the time of the attempted setoff when it informed Park that the balance of the Wright loan was $1,855,488. Park never disputed this amount; it merely contested Bank of Chicago's right to set off these proceeds against the claims in the pending litigation.

Pre-judgment interest was properly awarded then, as "money due on the settlement of account," under section 2. We need not address other potentially available grounds for affirmance.

## B

Bank of Chicago contends that Park is not entitled to post-

judgment interest because there was no "money judgment" on which to base the interest award. Park counters that an express money judgment is not required; instead, post-judgment interest is triggered by a judgment requiring a transfer of a definite sum of money.

The relevant statute provides that "[j]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied." (735 ILCS 5/2—1303 (West 1992).) An award of interest on a money judgment requires that the amount of money to be paid was certain and the judgment debtor enjoyed the improper use of the money during the period for which interest is to be awarded. *Robinson*, 140 Ill. App. 3d at 611.

In the case *sub judice*, the amount of the Wright participation was liquidated and never disputed, as previously discussed. In addition, Bank of Chicago improperly enjoyed the use of the money from May 1991, the date summary judgment on count IX was entered, until April 1993, when it tendered the check to Park.

The circuit court did not abuse its discretion in awarding post-judgment interest.

## IV

■ Park requests that this court award it reasonable attorney fees incurred in defending this appeal because the primary purpose of Bank of Chicago's appeal was to delay, harass, and cause needless expense.

Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)) provides that if the court determines that an appeal is frivolous, or that it is not taken in good faith, it may impose an appropriate sanction, including reasonable attorney fees. If, under an objective standard of conduct, a reasonably prudent attorney in good faith could have brought the appeal, a request for sanctions will be denied. *Ben Franklin Financial Corp. v. Davis* (1992), 226 Ill. App. 3d 414, 421-22, 589 N.E.2d 857.

Here, Bank of Chicago's appeal was not frivolous. Its contentions in issues I, II and III were reasonable and arguable.

For the foregoing reasons the circuit court judgment awarding pre- and post-judgment interest must be affirmed.

Affirmed.

SCARIANO, P.J., and DiVITO, J., concur.